GEORGE S. ELLIS, RESPONDENT, *v.* HERMAN BRISACHER AND ANOTHER, APPELLANTS.

MECHANIC'S LIEN. — LEASEHOLD INTEREST. — PURCHASER WITH NOTICE.—Although a mechanic's lien attaches only to the interest of the lessee in the property, where labor is performed at the lessee's instance, yet where the lessor purchases his lessee's interest with knowledge that labor and improvements have been put on the premises, there is no merger of the leasehold interest so as to deprive the lien-holder of his lien upon the property to the extent of the leasehold interest, even though the lien is not of record, when the landlord purchased his tenant's lease.

LEASE.—RE-ENTRY OF LANDLORD.— FORFEITURE.—Where there is a breach of one of the conditions of a lease such that it gives the landlord the right of re-entry, but no notice to quit is given, no demand for possession made, and no act of the parties indicating a forfeiture, but on the contrary the landlord pays the lessee a valuable consideration for his lease; *held* that no forfeiture of the lease can be claimed.

APPEAL from a judgment of the district court of the third district, and from an order refusing a new trial. The opinion states the facts, except the following:

§ 1060, 2 Comp. Laws, 1888 (which was in force when the labor was performed), provided that if the persons who caused the building, improvement, or structure to be constructed, altered, or repaired, owned less than a fee-simple estate in such land, then only his interest therein is subject to such lien.

*Mr. Joseph L. Rawlins* and *Mr. Samuel H. Lewis,* for the appellants.

*Messrs. Baldwin and Tatlock,* for the respondent.

MINER, J.:

From the facts of this case, as found by the trial court, it appears that about 1888 defendant Brisacher was the owner of the property known as "St. Elmo Hotel," at Salt Lake City, and that he then leased the same to defendant Porter for the term of five years, at the monthly rent of $600, to be paid in advance; the term to commence May 1, 1888. The lessee covenanted to keep the premises in good repair, and in case of default the lessor was to have the right ef re-entry. Porter entered into possession, and about May 2, 1888, employed plaintiff, Ellis, by verbal contract, to make certain repairs and improvements in and about the building. Up to September 15, 1888, Ellis performed work, furnished materials, and made repairs on said building, with Brisacher's knowledge, to the amount of $1,111.15, of which sum Porter paid him $830.50, leaving a balance unpaid of $280.65. Porter in the meantime had paid the first month's rent, and had also borrowed $600 from Brisacher; securing him for that sum and the second month's rent by a chattel mortgage upon the furniture in the building. Porter paid no more rent, but remained in possession until September 17, 1888, at which time Brisacher bought from Porter the unexpired term of this lease, and paid him the sum of $750 cash therefor. Brisacher at once took possession of the property and improvements. On the 17th day of October, 1888, and within the statutory limit Ellis filed his statement, and took his mechanic's lien on the premises, under the provisions of title 4, 2 Comp. Laws, 1888, p. 406, claiming $280.65 as due him from Porter. On the 15th day of November, 1888, this suit was brought for the foreclosure of said lien upon the property. On the hearing the court found that the plaintiff was entitled to a lien upon the hotel for the sum of $260.65, with interest. The court also found that the leasehold interest of Porter expired in April, 1893, and it should be

held liable for the payment of plaintiff's lien so created prior to the sale of the lease, and that Brisacher took said leasehold interest in such hotel from Porter subject to and charged with such lien of the plaintiff. The court ordered a sale of the leasehold interest so purchased from Porter by Brisacher for the satisfaction of plaintiff's lien. The appellants now contend that there was no sufficient evidence before the trial court to support its findings and decree; that Ellis could obtain no lien upon Brisacher's interest in the hotel, or in the leasehold interest he acquired from Porter, by virtue of his contract with Porter to repair the building; that the lien could only attach to the leasehold interest, subject to the terms and conditions of the lease; that Porter only surrendered the lease on account of the breach of condition, and a re-entry by Brisacher for the breach terminated the lease and right to the lien.

By the provisions of our statute (2 Comp. Laws, 1888, § 3806), "every person performing labor upon, or furnishing materials to be used in the construction, alteration, or repair of, any mining claim, building, wharf, bridge, ditch, flume, tunnel, fence, machinery, railroad, wagon road, aqueduct to create hydraulic power, or any other structure, or who performs labor in any mining claim, has a lien upon the same for the work or labor done or materials furnished by each, respectively, whether done or furnished at the instance of the owner of the building or other improvement, or his agent; but the aggregate amount of such liens must not exceed the amount which the owner would be otherwise liable to pay." The testimony shows that Porter was in possession of the St. Elmo Hotel under a lease from Brisacher; that this lease would not expire until 1893; that Brisacher purchased from Porter all his rights under the lease for the sum of $750, and took possession of the property; that Porter employed Ellis to place repairs and improvements upon the building, with Brisacher's knowledge, for the purpose of making the building more

useful and commodious. This was done without objection. While these repairs were being placed upon the building, through Porter's agency, the rent became due, and was unpaid for about four months. Mr. Brisacher did not inaugurate any proceedings to forfeit the lease, or take any steps to recover possession of the property, while these repairs were being made; but, as soon as the repairs were completed, Brisacher becomes anxious ·for possession, and makes an arrangement with Porter by which he paid him $750, and purchased the surrender of the lease and possession of the hotel, "Porter calling everything square." Within the time prescribed by law, this lien of the plaintiff was filed against the building, and these proceedings commenced to foreclose the lien, resulting in the findings and decree appealed from. We conclude that the findings of fact were properly drawn from the testimony.

The remaining question is whether Brisacher took the lease subject to the lien created by Ellis. Under the statute above quoted, Porter had a leasehold interest in the property, which was conceded by Brisacher to be worth the sum of $750. Whether he knew of the lien at the time of the purchase is not important. Indeed, the lien had attached, under the statute. But it may be a debatable question whether the lessor did not in fact know of the probable existence of this right to a lien at the time he purchased. His conduct in hastily taking possession, discharging and employing the help, taken in connection with his conversation with Ellis the same morning concerning his board bill, present circumstances upon which it is quite possible to build a theory that his purchase was not without some notice of Ellis' claim. A conveyance procured in fraud of a mechanic's lien will not have the effect of precluding the foreclosure of the lien, although notice of the lien be filed subsequent to the purchase, but within the statutory limit. *Meehan* v. *Williams,* 36 How. Pr. 73; *Schafer* v. *Reilley,* 50 N. Y. 61. And,

where one purchases property to which a valid lien has attached, it is to be presumed that the price was fixed with reference to the incumbrance, or that the purchaser secured himself from loss in some other way. *Blauvelt* v. *Woodworth,* 31 N. Y. 285. It may be true that the lessee of a building should not be considered the owner of the realty, to the extent that any contract made by him for repairs and improvements thereon will bind the realty against the owner of the estate, except as to the lease. When Brisacher purchased the leasehold estate from Porter, and became thereby vested of the entire estate in the property, together with the possession and control thereof, he did not thereby remove the lien of Ellis upon the leasehold estate so purchased. His acts, however innocent, could not be construed as depriving Ellis of his statutory lien, unless Ellis deceived him as to the amount of his claim before he purchased. For some purposes the two estates may have become merged into one—the lesser estate being merged into the greater; but this merger, if it be such, could not in equity extinguish the lien upon its lesser estate. When the lien becomes once attached to the interest, it follows the interest until it is properly discharged. So, when the two separate estates became vested in Brisacher, they should be regarded in equity as separate, so far as equitable considerations require it.

It is claimed by counsel for the appellant that Brisacher re-entered and took possession for the breach of conditions in the lease, and that this terminated the lease and right to the lien. The facts do not justify this conclusion. The lease was never forfeited. No notice to quit or to surrender possession was given. No demand of possession was made, and the leasehold interest was not terminated by any act of the parties amounting to a forfeiture. Mr. Brisacher preferred to and did acquire Porter's interest in the lease by purchase. He paid the agreed price, and took possession of the premises, together with the improvements; and

the accounts between the parties were considered settled. His acts rebut any presumption that could arise in the case that might tend to establish any claim or intention on his part to forfeit the lease. *Evans* v. *Young,* (Colo. Sup.) 15 Pac. Rep. 424; *Buffum* v. *Deane,* 4 Gray, 385; *Smith* v. *Roberts,* 91 N. Y. 470; *Cornell* v. *Barney,* 94 N. Y. 394; *Gaskill* v. *Trainer,* 3 Cal. 335. The leasehold interest in the property held by Porter, and transferred to Brisacher, was properly held chargeable with the lien. The findings and decree of the third district court are affirmed, with costs.

ZANE, C. J., and BLACKBURN, J., concurred.