KINGMAN & COMPANY, *a Corporation*, v. J. E. CHUBB.

**No. 415.***

MOTION FOR NEW TRIAL—*Rehearing at Subsequent Term.* When a motion for a new trial has been heard and decided, the court has no jurisdiction at a subsequent term to reopen and reconsider said motion, and any order attempting to do so is a nullity.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed December 15, 1898. Dismissed.

*David Overmyer*, for plaintiff in error.
*Vance & Campbell*, for defendant in error.

The opinion of the court was delivered by

WELLS, J.: The only question necessary to be considered in this case is that of jurisdiction. The judgment in the court below was rendered on February 12, 1895. A motion for a new trial was filed on the same day. On the 4th day of March the motion was argued and overruled, and ninety days' time was taken to make and serve a case for the supreme court. On April 8, 1895, being at the next succeeding term, the court, on the motion of the plaintiff, set aside its order of March 4, overruling the motion for a new trial, and allowed further argument thereon, which was made on July 8, 1895, at which time the motion was again overruled and 180 days from March 4, 1895, given to make and serve a case for the supreme court. It is contended by the plaintiff in error that, as the order setting aside the previous order of the court overruling said motion for a new trial was made within the ninety days allowed to make and serve a case,

*Petition for order to certify denied by supreme court January 9, 1899.—REP.

the whole matter was thus kept open until it was finally decided in July, at which time a further extension was granted. On the other hand, it is contended that the order of March 4 could not be set aside at a subsequent term of the court and that any attempt to do so was without jurisdiction and was absolutely void, and that the attempt to extend the time for making and serving a case after the original time had expired was also a nullity.

On this question there are no authorities cited by the defendant in error, and those cited by the plaintiff in error are not in point. We think that the law is too well settled to admit of serious controversy that when a motion for a new trial, as in this case, has been heard and decided, and that term of court has expired, the court has no jurisdiction at a subsequent term to reopen and reconsider said motion. (5 Encycl. of Pl. & Pr. 1049; Black, Judgm., § 305; *Bronson v. Schulten*, 104 U. S. 410.) If this conclusion is correct, then it necessarily follows that the order made in this case in April was a nullity, and that the order made in July, long after the time originally limited for making and serving a case had expired, was without jurisdiction.

The motion to dismiss the proceedings in error is sustained and said proceedings in error are dismissed.