No. 19,996.

THE FARMERS & MERCHANTS NATIONAL BANK OF EL DORADO, *Appellant*, v. A. F. WRIGHT, *Appellee*.

SYLLABUS BY THE COURT.

NEW TRIAL—*Granted at Chambers—Order Granting New Trial Set Aside at Subsequent Term—Jurisdiction.* A motion for a new trial was by consent heard after the close of the term, at chambers in another county than the one where the judgment was rendered, and granted. Several months thereafter a motion to vacate the order granting a new trial, setting up false and fraudulent testimony, lack of diligence, deception practiced upon the judge and assault by one of plaintiff's witnesses upon one of the defendant's attorneys, was filed and sustained. *Held,* that the granting of the new trial was proper under section 306 of the civil code, and that thenceforth, the case being properly on the docket, the court had jurisdiction to make orders therein, including the one complained of.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed June 10, 1916. Affirmed.

*C. A. Leland, K. M. Geddes, R. B. Ralston, G. P. Aikman,* and *C. L. Aikman,* all of El Dorado, and *J. T. Lafferty,* of Kansas City, Mo., for the appellant.

*George J. Benson,* and *T. A. Kramer,* both of El Dorado, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued on a promissory note, the execution of which was denied under oath. The trial resulted in a verdict for the defendant, and upon a showing of newly

discovered evidence a new trial was granted.    Afterwards
this order was set aside, and from this ruling the plaintiff
appeals.

The motion for new trial was filed March 18, 1914, in the
district court of Butler county, and after certain continuances
was by agreement of parties heard before the judge at his
chambers in Elk county, and there, on May 6, sustained.   The
March term of the Butler county court had then adjourned.
The motion to vacate the order granting the new trial was
filed in the district court of Butler county September 29, and
was heard on the last day of October, 1914, an adjourned day
of the June term, from which it appears that the motion to
set aside was neither filed nor heard during the term at which
the original judgment was rendered nor at any term during
which the order granting a new trial was made, and it is
claimed that therefore the court was without jurisdiction to
entertain or grant such motion.

While error is assigned on the granting of the motion for
new trial in the first place, we find nothing improper therein.

The order complained of was made upon the defendant's
motion, setting up false and fraudulent testimony, lack of dili-
gence, deception practiced upon the judge and assault by one
of plaintiff's witnesses on one of the defendant's attorneys at
El Paso, Tex., while there for the purpose of taking testimony;
and the sole question for determination is whether or not
jurisdiction remained to make the ruling complained of.    In
answer to the claim that the jurisdiction so to do expired with
the term at which the motion for new trial was granted the
defendant suggests that under the present civil code (§ 306)
a motion for new trial may be heard and decided by the judge
at chambers.   The next regular term after this chambers or-
der in vacation was the June term, and then it was that this
order was set aside.   It is argued that the motion practically
took the place of the verified pleading requisite for setting
aside a judgment, and that the appearance of the opposite
party eliminated the necessity for the required notice.

It is suggested that the order complained of was not, under
section 566 of the civil code, a final order which in effect de-
termined the action and prevented the judgment.   But as the
defendant had already recovered a judgment the order set-

ting aside the granting of a new trial effectually prevented the plaintiff from obtaining a judgment.

It is said that granting a new trial is an interlocutory order, and so it is; but setting aside such an order may not be interlocutory, and section 565 expresly authorizes the reversal of an order that grants or refuses a new trial, and this was not changed by the amendment of 1915 (Laws, 1915, ch. 187).

The motion for new trial was on nine grounds, the eighth being newly discovered evidence, and on this ground alone was a new trial granted. On the motion to set this order aside the trial court was manifestly convinced that it had been deceived as to this one ground, and that the conduct of certain witnesses and agents of the plaintiff had been such as to merit condemnation and destroy the right to a new trial. *Kingman v. Chubb,* 8 Kan. App. 167, 55 Pac. 474, is relied on and was approved by this court. (*Mayberry v. Railway Co.,* post, p. 251, 64 Pac. 989.) While it is true that the syllabus states that when a motion for new trial has been heard and decided the court has no jurisdiction to reconsider at a subsequent term, the facts were that the motion was denied and at a subsequent term reconsidered and granted. Here we have the opposite. Under the changed code the motion granting the new trial was properly acted upon at chambers, and from that time forward the case remaintd on the docket, ready for trial at the proper time, and the court had jurisdiction to make such orders as were proper. Had there been an application to amend the pleadings no question could well arise as to the jurisdiction to grant such application, whether at the next succeeding term or later.

It is not necessary to decide whether the change in the code permitting motions for new trial to be acted upon at chambers has any effect upon the question whether such action must be in term time or not, neither is it necessary to determine whether the order in this case was one involving an irregularity under subdivision 3 of section 596 of the civil code, or whether as claimed by the defendant it was one procured by fraud. The case being rightly on the docket, the vacation of the order granting a new trial, while appealable if erroneous, was not void for want of jurisdiction.

The order is therefore affirmed.