310 P.2d 517

**BUEHNER BLOCK COMPANY, a corporation, and South State Builders Supply Company, Plaintiffs and Respondents,**

v.

**Nick GLEZOS, Harry Hong, Charles C. McDermond, Copa Supper Club, a corporation, and Valley Amusement Enterprises, Inc., a corporation, Defendants,**

**Harry Hong, Defendant and Appellant.**

No. 8591.

Supreme Court of Utah.

April 26, 1957.

George H. Searle, Salt Lake City, for appellant.

Dean E. Conder, Delbert M. Draper, Jr., Salt Lake City, for respondents.

CROCKETT, Justice.

Defendant, Harry Hong, appeals from a judgment holding him liable, as a partner, for the cost of improvements on a building leased to him, and foreclosing mechanics' liens on his leasehold. He contends that the finding of partnership is in error: (1) that the issue of partnership was not raised by the pleadings, and (2) that such finding is not supported by the evidence. He also contends that the mechanics' liens cannot be foreclosed against his leasehold interest.

Defendant Nick Glezos is the owner of a cafe located at 3793 South State Street

in Salt Lake City. On December 1, 1953, he leased it to defendant Harry Hong for a period of six years at a monthly rental of $250. Hong operated on the premises a cafe known as The Golden Pheasant. During the year 1954 Hong was approached by defendant C. C. McDermond, who was desirous of taking over the premises and buying Hong's interest, when and if he could raise the money. Hong introduced McDermond to Glezos, the owner, who thereafter gave McDermond and Hong permission to build an addition to the building, such addition to be used as a private club. Hong told Glezos that he intended to become a partner with McDermond in the operation of the club, and he later told others that he was in fact a partner with McDermond and others in the building project. Materials for the construction of the new addition were furnished by plaintiffs Buehner Block and South State Builders' Supply at the instance of McDermond.

At the time the materials were ordered there was some concern on the part of plaintiff Buehner Block Company as to exactly who would pay for them. When its credit manager questioned McDermond on this point he referred him to Hong who told the credit manager that he (Hong) would pay for the materials after he got the money from McDermond. Hong was in possession of the premises; was present during parts of the construction and was aware of the delivery and use of the materials from these plaintiffs. In fact, the proof shows that he paid for parts of the construction with his own money. From the time construction was completed in November, 1954, until November, 1955, Hong received $250 per month rent from operations of the new club. At this time he and Glezos, by mutual agreement, terminated their original lease, initiating a new one by which Hong leased only the old part of the building.

Meanwhile the plaintiffs, Buehner Block Company and South State Builders' Supply Company had been making unsuccessful attempts to collect for the materials furnished and had each filed notice of lien on the premises. They separately commenced actions against Hong, Glezos and McDermond seeking: (1) To foreclose the liens against the property, and (2) to hold each defendant liable for the materials. The two causes were joined for trial. The actions were dismissed as to Glezos. Default judgments were taken against McDermond. After a trial the court found that Hong was a partner of McDermond in the building project and entered judgment against him for the value of the materials furnished, and foreclosed the liens against his leasehold.

◼ Directing attention to the claimed error in finding partnership liability when such issue was not raised in the pleadings: Rule 15(b) and Rule 54(c) of the Utah

Rules of Civil Procedure bear upon this problem. They provide in essence that even though issues are not raised by the pleadings, if they are tried by express or implied consent of the parties, a final judgment can be rendered on such issues. But, as this court has held on prior occasions, the adverse party should be given the benefit of every doubt. He must not have been misled nor in any way prejudiced by the introduction of the new issues.[1] As we recently declared:

"Notwithstanding all of our efforts to eliminate technicalities and liberalize procedure, we must not lose sight of the cardinal principle that under our system of justice, if an issue is to be tried and a party's rights concluded with respect thereto, he must have notice thereof and an opportunity to meet it."[2]

There is no indication in the instant case that the defendant was surprised or misled by the introduction of the partnership issue. It was raised during the trial without objection on his part, and both sides went into the facts as to whether a partnership was shown. Under such circumstances the fact that the issue was not formally raised by the pleadings or by motion to amend does not vitiate a finding on such issue.

This brings us to the question whether the evidence supports the finding of partnership. The trial court having found in favor of the plaintiffs, we are obliged to review the evidence and every inference and intendment fairly arising therefrom in light most favorable to them.[3]

Under the Uniform Partnership Act one subjects himself to partnership liability by words or conduct representing himself, or consenting to another's representing him, to anyone as a partner.[4] He is liable to those who have on the faith thereof advanced materials, money or credit to the partnership, and this is so even though as between them no real partnership exists.[5] The facts that Mr. Hong stated to Glezos and others that he was or intended to become a partner; that when plaintiff's credit manager inquired as to who would pay for the materials, Hong gave him assurance that he would pay as soon as he received the money from McDermond; that Hong did in fact pay for some of the construction costs by his own check; and further that he was present when the materials were being de-

1. Morris v. Russell, 120 Utah 545, 236 P. 2d 451, 26 A.L.R.2d 947.
2. National Farmers Union Property & Casualty Co. v. Thompson, 4 Utah 2d 7, 13, 286 P.2d 249, 253. See also Taylor v. E. M. Royle Corp., 1 Utah 2d 175, 264 P.2d 279.
3. Toomer's Estate v. Union Pac. Ry. Co., 121 Utah 37, 239 P.2d 163, Nasner v. F. G. Burton Co., 2 Utah 2d 236, 272 P.2d 163.
4. Sec. 48-1-13, U.C.A.1953.
5. Gustafson v. Taber, 125 Mont. 225, 234 P.2d 471.

livered and used in the construction on the premises where he was operating The Golden Pheasant Cafe, all combine to provide ample basis for the finding that he held himself out as a partner of McDermond in the transaction.

■■ As to defendant's contention that the mechanics' liens could not be foreclosed against his interest, it is well settled that a lessee is an owner within the meaning of the mechanics' lien statutes, and his interest is subject to a lien for improvements made under a contract with him.[6] This lien may attach to and be enforced against his leasehold estate for labor or materials furnished under an express or implied contract with the lessee.[7]

■ A further assault upon the lien by Mr. Hong is that it was not effective against him nor his interest in the property because his name was not listed on the notices of lien. This contention is without merit. The lien attaches to the property.[8] All the statute requires is that the notice of lien contain the name of the owner, if known, the person to whom the labor or materials was furnished; the terms of the contract; the dates when the first and last materials were furnished; a description of the property; and a statement of the lienor's demand.[9] When these requirements are met it is not essential to the validity of the lien that the names of others whose interests might be affected thereby be stated. Indeed in many instances such knowledge might be unavailable to the lienor and such requirement could defeat his claim of lien. The purpose of recordation of the notice of lien is to give notice thereof to all persons who may be affected thereby. Particularly in this case defendant Hong has no basis for complaint on this ground because he had actual notice of the entire transaction; the facts that the materials were delivered and used for construction on the premises he was in possession of, and the concern plaintiffs had about payment for their materials.

Other errors are assigned which we do not deem of sufficient importance to warrant discussion.

Affirmed.

McDONOUGH, C. J., and WADE, WORTHEN and HENRIOD, JJ., concur.

6. 57 C.J.S. Mechanics' Liens § 65(b), p. 558.

7. Ellis v. Brisacher, 8 Utah 108, 29 P. 879. See also Eccles Lumber Co. v. Martin, 31 Utah 241, 87 P. 713; National Gas Co. v. Ada Iron & Metal Co., 185 Okl. 415, 93 P.2d 529; Archibald v. Iacopi, 120 Cal.App.2d 666, 262 P.2d 40; Horn v. Clark Hardware Co., 54 Colo. 522, 131 P. 405, 45 L.R.A., N.S., 100.

8. Sec. 38-1-3, U.C.A.1953: "Contractors, * * * shall have a lien upon the property upon or concerning which they have rendered service, performed labor or furnished materials * * *."

9. Sec. 38-1-7, U.C.A.1953.