415 P.2d 662

Beth F. DRURY, Plaintiff and Respondent,

v.

Colleen LUNCEFORD, Defendant
and Appellant.

No. 10466.

Supreme Court of Utah.

June 16, 1966.

Kipp & Charlier, Tel Charlier, Salt Lake City, for appellant.

Ray H. Ivie, Provo, for respondent.

CROCKETT, Justice.

This case arose out of a collision in which the defendant's car ran into the rear of the plaintiff's car at an intersection at about 1300 North and 3rd West in Provo in the afternoon on April 1, 1964. The question of the defendant's liability was resolved and on February 15, 1965 a trial was had to the court on the issue of damages only. At its conclusion the judge stated from the bench that he thought $2,000 damages would be a fair amount, plus special damages of medical expenses incurred of $126.20. A minute entry was made and entered accordingly. Two days later, on February 17 the judge filed a signed document entitled "Reconsideration," reciting that he had "reconsidered the law and the

testimony and concluded that the plaintiff should have the sum of $4,800 as general damages." Findings, conclusions and a judgment in the latter amount were signed and filed on March 5, 1965.[1] On May 4, 1965 the court signed and filed an order granting a motion for a new trial which had been timely filed by the defendant. One week later, on May 11, 1965, plaintiff's counsel filed a motion to reconsider and set aside the order granting a new trial. This motion was heard and taken under advisement on June 4, 1965. On September 3, 1965 the judge signed a "Memorandum Decision" stating that the order for a new trial was vacated and that the judgment for $4,800 was reinstated.

The question here presented is whether, after the trial court granted a motion for a new trial, which vacated the judgment, it could then properly entertain and grant a motion to nullify that order, reinstate the vacated judgment, and deny the new trial which had been granted.

It is significant that our Rules of Civil Procedure do not provide for a motion for the trial court to reconsider or to review its ruling granting or denying a motion for a new trial. Undoubtedly this is advisedly so. The objective of all rules of procedure is that the parties have a full and fair op-

---

1. That the written judgment supersedes the oral statement of the court is not questioned. McCollum v. Clothier, 121 Utah 311, 241 P.2d 468 (1952); Walker Bank & Trust Co. v. Walker, Case No. 10374, 17 Utah 2d 390, 412 P.2d 920 (April 12, 1966); that the written judgment also supersedes the minute entry, see Hartford Accident & Indemnity Co. v. Clegg, 103 Utah 414, 135 P.2d 919.

portunity for a trial and determination of the issues in dispute between them. When that objective has been achieved, that is what the parties are entitled to, and that should conclude the matter unless there has been substantial and prejudicial error which has thwarted justice. It is because of the possibility of such error that the rules provide for a motion for a new trial, which must be filed within ten days.[2] This gives the parties an opportunity to point out any claimed error; and the court an opportunity to correct it.

When this has been done and the court has ruled upon the motion, if the party ruled against were permitted to go beyond the rules, make a motion for reconsideration, and persuade the judge to reverse himself, the question arises, why should not the other party who is now ruled against be permitted to make a motion for *re*-re-consideration, asking the court to again reverse himself? Tenacious litigants and lawyers might persist in motions, arguments and pressures and theoretically a judge could go on reversing himself periodically at the entreaties of one or the other of the parties ad infinitum. This reflection brings one to realize what an unsatisfactory situation would exist if a judge could carry in his mind indefinitely a state of uncertainty as to what the final resolution of the matter should be.

Even though the new rules of procedure had as a part of their purpose the removing of undue technicalities and rigidities in the law, and are to be liberally construed to effectuate justice, nevertheless, they were designed to provide a pattern of regularity of procedure which the parties and the courts could follow and rely upon. When the procedure authorizing a motion for a new trial has been followed and, pursuant to proper notice, the parties have made their representations to the court, and the court has duly considered and made his decision upon that motion, that completes both the duty and the prerogative of the court. In order to avoid such a state of indecision for both the judge and the parties, practical expediency demands that there be some finality to the actions of the court; and he should not be in the position of having the further duty of acting as a court of review upon his own ruling.[3]

Another important consideration in the problem here presented is that when the trial court has made his decision granting the new trial, that has the effect of vacating the judgment and the case reverts to its status before the trial was had. The

---

2. Rule 59 U.R.C.P.
3. See Luke v. Coleman, 38 Utah 383, 113 P. 1023 (1911), wherein this court held that the District Court had no authority to entertain a motion for rehearing of denial of a motion for a new trial. Cf. National Farmers Union P. & C. Co. v. Thompson, 4 Utah 2d 7, 286 P.2d 249, 61 A.L.R.2d 635, and see annotation following in A.L.R.

party favored by the motion acquires an important right in his entitlement to a new trial, which he should not be arbitrarily deprived of, nor should he be subject to the possible whim or caprice of the judge as to whether he can really have the new trial which has been ordered or not.

It should be observed that what we have said herein is intended to apply to the fact situation shown in the instant case where, pursuant to regular procedure, the court has acted deliberately and advisedly in granting the new trial. However, we also recognize that there may be situations where an order denying or granting a new trial may have been made by inadvertence or mistake, or where there was some irregularity in connection with the obtaining or the granting of the order, in which instance the court could of course act to correct any such mistake or irregularity.[4]

The issue of liability having been resolved, and both parties being free to re-try the issue as to damages, the result we reach can cause no serious hardship or injustice in the instant case. This is particularly so here where upon the basis of the evidence presented the trial court seemed so uncertain about the correct judgment: at the conclusion of the trial that it should be $2,000; two days later that it should be $4,800; two months later vacating the judgment entirely and granting a new trial; and three months thereafter vacating that order and reinstating the judgment. In view of these facts and in accordance with the discussion herein it is our opinion that the ends of justice will be best served by allowing the parties to have a new trial as decided by the trial court in its order of May 4. Accordingly, the case is remanded for that purpose. Costs to defendant (appellant).

McDONOUGH and CALLISTER, JJ., concur.

WADE, J., heard the argument in this cause, but passed away before the opinion was filed.

HENRIOD, Chief Justice (dissenting):

Chronology of this case is thus: a one-day trial was had before the court, sitting without a jury, on February 15, 1965, where the amount of damages was the sole issue. At end, the trial court volunteered from the bench that "I *think* * * * judgment of $2,000 would be fair." No signed judgment supports this "think."

Within 48 hours, and on February 17, the judge transmuted this "think" into a voluntary, *signed* "Reconsideration" (which should have been entitled "judgment"), prefaced by a change of mind, with the comment that after having his reporter read

4. Rule 60 U.R.C.P.

back the evidence "The Court * * * in the interest of justice (has) reconsidered the law and the testimony and concludes that plaintiff is entitled to * * * $4,-800." This court has said that this he could do.[1]

After the parties already had stipulated that no findings and conclusions need be filed, nonetheless the trial court, after having entered his signed judgment on February 17, 1965, signed findings and conclusions, which were superfluous and signed an equally superfluous judgment dated March 5, 1965,—no different than the February 17, 1965, pronouncement.

Before the March 5 judgment, and on March 2, defendant had filed a motion for a new trial urging that it was "partially based on the fact that 'the Court *immediately following conclusion of the trial* duly considered and discussed the matter of damages *in chambers* * * * and immediately thereafter made and gave its findings * * * from the bench.'". None of this episode in chambers is in the record, but the pronouncement from the bench is. Defendant says that therefore the judgment of "Reconsideration," signed within 48 hours

"appears to be a manifest injustice on the defendant." We think such urgence is answered in footnote No. 1.

However, pursuant to the March 2 motion for a new trial, the court, subsequent to its two identical judgments of February 17 and March 5, granted the motion for new trial dated March 2, on May 4, 1965. On motion to vacate this order, filed by plaintiff a week later, the court vacated its order for a new trial on September 3, 1965, and on September 8, signed a third judgment, identical to those of February 17 and March 5, 1965, reciting that the judgment of March 5, 1965 was reinstated, which was unnecessary.

We think that the trial court reasonably could have concluded that the motion for new trial did not conform to Rule 59, Utah Rules of Civil Procedure, and that the trial court, after having ordered a new trial, vacated it on motion for that reason. One of the grounds urged against such an order was Rule 59(a) (1) re: irregularity in proceedings—*which has to be supported by affidavit under (c) of that Rule,—which was not done here.*

The judgment should be affirmed.

1. McCollum v. Clothier, 121 Utah 311, 241 P.2d 468 (1952); Walker Bank & Trust Co. v. Walker, Case No. 10374, 17 Utah 2d 390, 412 P.2d 920 (April 12, 1966).