479 P.2d 345

**LeRoy ROBERTS, Plaintiff and Appellant,**

**v.**

**A. Rex HANSEN and Colleen B. Hansen, his wife, Estate of Guy E. Ballard, deceased, Ellaree Ballard, Executrix, Ellaree Ballard, Defendants and Respondents.**

**No. 12008.**

Supreme Court of Utah.

Jan. 5, 1971.

Sherma Hansen, Omer J. Call, Brigham City, for plaintiff and appellant.

David L. Gillette, Richard H. Stahle, of VanCott, Bagley, Cornwall & McCarthy, Salt Lake City, for defendants and respondents.

CROCKETT, Justice:

Plaintiff sued to foreclose a mechanic's lien for labor and materials furnished in the construction of a home for the defend-

ants, A. Rex Hansen and Colleen B. Hansen at Penrose, Box Elder County. On the basis of the pleadings and affidavits filed, the district court granted summary judgment in favor of the defendants on the ground that the action had not been commenced within the time (one year) allowed by law. Plaintiff appeals.

In March of 1968, the Hansens, by oral contract, hired plaintiff to render services as a carpenter and builder in constructing a home for themselves on the property referred to, which they were purchasing from Guy E. and Ellaree Ballard. He proceeded with this work until October 25, 1968, when some discord developed and the defendants Hansen dismissed him. Eleven days thereafter, on November 5, 1968, he filed a notice of lien against the property with the county recorder of Box Elder County. It stated his last furnishing of labor or materials to be October 19, 1968. On July 14, 1969, plaintiff filed a creditor's claim in the estate of Guy E. Ballard which was rejected by the executrix. A year and two weeks later, on November 4, 1969, he commenced this action.

The trial court based its dismissal of this action on Sec. 38–1–11, U.C.A. 1953, which states:

> * * * Actions to enforce the liens herein provided for *must be begun within twelve months after the completion of the original contract,* or the suspension

of work thereunder for a period of thirty days.

Plaintiff's position, urged to the lower court, and now advocated on this appeal, is that his contract of employment with the Hansens should not be deemed an "original contract," completed when it was terminated by his dismissal on October 25, 1968; and that thus the twelve month limitation did not begin to run on that date. In connection with that argument it is appropriate to consider another statute, Sec. 38–1–2, 1953 Ann.Code which defines the term "original contractor":

> * * * Whoever shall do work or furnish materials by contract, express or implied, *with the owner,* as in this chapter provided, *shall be deemed an original contractor,* and all other persons doing work or furnishing materials shall be deemed subcontractors.

In order to avoid the application of the just quoted definition of "the original contractor" to his situation, plaintiff asserts that the primary or "original" contract for the construction of a home on the property was between the Hansens (the purchasers) and the Ballards (the sellers). He argues that the latter, as the holders of the legal title, should be regarded as the "owners"; and that inasmuch as he had no contract with them, but that his agreement was with the Hansens (the purchasers) he should be regarded as a subcontractor of the Han-

sens; and that the construction of the home not having been completed until less than one year before he filed this action, it was commenced in time.

There are two difficulties in the plaintiff's assault upon the decision of the trial court. The first is that there is no indication that there was any such contract between the Hansens (purchasers) and the Ballards (sellers) for the construction of a home on the property. The other is that the law does not support plaintiff in his contention that the purchasers under a real estate contract (such as the Hansens) are not to be regarded as the "owners" of property within the meaning of the mechanic's lien statutes.

It is generally held that under the circumstances shown here, where one has taken possession under a purchase agreement, and enters into a contract for the construction of improvements thereon, he is deemed to be the equitable owner and is charged with the responsibilities of ownership within the meaning of the mechanic's lien statutes.[1] The rule is stated in 95 A. L.R. at 1095:

> * * * The vendee in possession under an executory contract of sale is usually regarded as the owner, within the provisions of mechanics lien statutes

confining such liens to claims for labor or materials furnished for improvements made under contract with the owner.

In accord with this are previous decisions of this court holding that such lien statutes apply where the interests of the contracting party are other than the legal title.[2]

From what we have said above these conclusions follow: (1) that the defendants Hansens as purchasers of the property were properly regarded as the owners within the meaning of the lien statute; (2) that inasmuch as their agreement was directly with the plaintiff to render service in the building of their home, it was an "original contract" with him, and not a subcontract as the plaintiff contends; and (3) that it having been terminated on October 25, 1968, more than 12 months before the plaintiff filed this action, it was too late for the plaintiff to obtain the benefit of his claim of lien, so that he is left to whatever other means he may have to collect any amount due him.

Affirmed. Costs to defendants (respondents).

CALLISTER, C. J., and HENRIOD, TUCKETT and ELLETT, JJ., concur.

---

1. See Eastern Ohio Oil Co. v. McEvoy, 75 Kan. 515, 89 P. 1048 (1907); Sorg v. Crandall, 233 Ill. 79, 84 N.E. 181 (1908), and Crutcher v. Block, 19 Okl. 246, 91 P. 895 (1907).

2. Buehner Block Co. v. Glezos, 6 Utah 2d 226, 310 P.2d 517; Metals Manufacturing Co. v. Bank of Commerce, 16 Utah 2d 74, 395 P.2d 914; Cary Lombard Lumber Co. v. Partridge, 10 Utah 322, 37 P. 572; Sanford v. Kunkel et al., 30 Utah 379, 85 P. 363, 1012.