482 P.2d 700

A & M ENTERPRISES, INC., a Utah corporation, Cleaning by Tony, Inc., a Utah corporation, Midwest Electric, Inc., a Utah corporation, and Gilmour Steel Corporation, a corporation, Plaintiffs and Appellants,

v.

Paul HUNZIKER, Barrett Investment Company, a Utah corporation, Solitude Recreation & Development, Inc., a Utah corporation, and Bob Barrett, Defendants and Respondents.

No. 12224.

Supreme Court of Utah.

March 15, 1971.

See also, 23 Utah 2d 127, 459 P.2d 209.

Lowell V. Summerhays of Summerhays, Klingle & Cohne, Robert D. Merrill of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for appellants.

Lee W. Hobbs, Salt Lake City, for respondents.

ELLETT, Justice:

Barrett Investment Company, hereafter called Barrett, owned a ski lift and gave an option to Western Lift and Crane Corporation, hereafter called Western, to purchase it for $2,000,000. The payments for 13 months were to be in the nature of option payments; and if $150,000 was paid during that period, then the option contract was to be a contract of sale. Upon failure to pay the $150,000 as agreed, certain rights and remedies were given to Barrett which, among others, included a right to forfeit the payments theretofore made. In the meantime Western took possession of the lift and had the exclusive use and operation of the same. Until it exercised its option Western Lift and Crane Corporation could have no higher status than that of a tenant.

The plaintiffs did work and furnished material at the instance and request of Western, and when Western failed to pay them, they brought this action to foreclose the interest of Barrett in the ski lift in order to secure payment for the labor and material furnished.

They claim that Barrett and Western were partners engaged in a joint venture and that Western was the agent of Barrett in dealing with the plaintiffs. Western was unable to make the required payments so as to enable it to exercise the option to buy, and if these plaintiffs are to be paid, it must be through the foreclosure of Barrett's interest.

Barrett filed a motion for summary judgment based upon affidavits which clearly showed that it had placed Western in possession under an option contract to purchase the ski lift and that Western alone dealt with the plaintiffs and that Barrett had nothing to do with the matter at all.

None of the plaintiffs filed any counter-affidavits. They rely on their own self-serving answers to interrogatories, apparently thinking that Rule 56(c), U.R.C. P., as amended, permits it. That rule provides:

\* \* \* The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. \* \* \*

While this language permits the use of answers to interrogatories to be considered in determining whether there is a disputed issue of a material fact, it must be interpreted in connection with subsection (e), the first sentence of which is as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be ad-

missible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

■ Even by using their own answers to interrogatories in evidence, these plaintiffs cannot prevail because the answers which they furnished clearly show that they are not made on personal knowledge but are hearsay statements and conclusions. Examples of incompetency as evidence are listed below:

a. It was our understanding, etc.

b. Paul Hunziker told us, etc.

c. I did not even talk to Bob Barrett personally.

d. Plaintiff is informed and believes, etc.

e. Plaintiff volunteers that counsel for Barrett has represented to plaintiff's counsel, etc.

f. The fact that Hunziker was still in possession led plaintiff to believe, etc.

g. The extensive work that was done could not have been done without the owner's knowledge and permission.

The trial judge correctly determined that there were no disputed issues of material facts. We then must determine if, as a matter of law, the defendant was entitled to prevail. The case of Roberts v. Hansen, et al., 25 Utah 2d 190, 479 P.2d 345 (1971), recently decided by this court is in point. There we said:

It is generally held that under the circumstances shown here, where one has taken possession under a purchase agreement, and enters into a contract for the construction of improvements thereon, he is deemed to be the equitable owner and is charged with the responsibilities of ownership within the meaning of the mechanic's lien statutes.

In the instant matter Western was in possession of the lift under its option to purchase. It received the fees from operation and made such improvements as it and it alone decided. Barrett had nothing to do with any work contracted for. The fact that Western never made the payments required to exercise the option is of no consequence.

The law is set forth in 53 Am.Jur.2d, Mechanics' Liens, Secs. 131 and 132, as follows:

A tenant or lessee cannot subject the interest of his landlord to a mechanic's lien by reason of the tenant's contract for materials or labor, even though the improvements are for the permanent improvement of the property, such as a tenant-erected building, unless the landowner in some way brings about such improvements or does some act in ratification of, or consents to, or is estopped

**366**

to object to, work done or the furnishing of materials or labor. * * *

\* \* \* \* \* \*

A lessee is not generally considered the agent of the lessor within the contemplation of the mechanic's lien statutes merely by virtue of the relation of landlord and tenant. Nor is an agency relationship created merely by the consent of the lessor to the making of alterations and improvements upon the leased premises. Knowledge of, and acquiescence in, the making of improvements by the tenant, are insufficient to establish agency. * * *

\* \* \* \* \* \*

 The fact that Barrett did not elect to forfeit the contract as soon as Western failed to pay as required and left Western in possession of the property does not create an agency relationship.

There was no showing of fraud or collusion on the part of either Barrett or Western, nor were there any facts presented which would tend to establish the relation of principal and agent between them. As shown by the affidavits on file, it was clearly a bona fide transaction between the parties. The contract provided that Western was to pay future taxes and specifically prohibited Western from encumbering any interest or right it had under the contract without first getting the written consent thereto from Barrett. No such permission was ever requested or granted.

 It seems clear to us, as it did to the trial judge, that Barrett is entitled as a matter of law to a summary judgment in its favor, and in that regard the judgment is affirmed with costs awarded to the respondent.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.