Anne W. PORTER, Plaintiff
and Respondent,

v.

Don L. PORTER, Defendant
and Appellant.

No. 15073.

Supreme Court of Utah.

March 15, 1978.

Don L. Bybee, Salt Lake City, for defendant and appellant.

---

Cullen Y. Christensen, Provo, for plaintiff and respondent.

MAUGHAN, Justice:

Before us is a judgment granting to plaintiff a divorce, custody of the two children of the parties, child support, and visitation privileges to defendant. We affirm, but remand for modification of visitation privileges. No costs awarded. All statutory references are to U.C.A. 1953, the rule citation is to Utah Rules of Civil Procedure.

The principal issue here is whether the court had jurisdiction. We deal only with that and the visitation issue, the issue as to the propriety of the divorce and custody is without merit.

In May 1976 plaintiff paid a visit to her parents in Dickinson, Texas. While there she decided to obtain a divorce. The record also indicates that sometime, about the second week in June 1976, she decided to relocate permanently in Dickinson. Nevertheless, on July 2, 1976, she filed her complaint in Utah County alleging herself to be an actual and bona fide resident of Utah County, and for a period of more than 3 months immediately preceding the filing of the complaint. Defendant, in his answer, admitted this allegation. He now calls into question plaintiff's residency, and claims the court lacked jurisdiction because of it.

If there is any question about jurisdictional residency of plaintiff, there can be absolutely no question about the bona fide residency of defendant in Utah County, and the state of Utah, for the required period of time; and the court so found.

Pursuant to Rule 15(b) issues which are not raised by the pleadings but "are tried by express or implied consent of the parties . . . shall be treated in all respects as if they had been raised in the pleadings." The evidence before the trial court concerning defendant's residency showed clearly the statute had been satisfied, and such evidence was unrefuted. In the *General Ins. Co. of America v. Carnicero Dynasty Corp.*[1] we said "implied consent may be found where one party raises an issue material to the other party's case, or where evidence is introduced without objection."

Had the court's ruling on residency been adverse to plaintiff, she could have immediately filed another complaint based on defendant's residency.[2] Thus, the trial court's ruling expedited the judicial process since the issue could be "conveniently and effectively handled in one trial without injury to substantive rights."[3]

The court allowed defendant a total of 26 visitation days per year. These days could only occur on the first and third Saturdays of each month between the hours of 2 p. m. and 8 p. m. Considering the distance defendant must travel from Utah to Texas, and the limited time he is allowed to see his children, we think such an arrangement is too restrictive. No doubt the court was influenced by the ages of the children at time of trial.

In view of the increased ages of the children, we remand for the purpose of having the trial judge order other and more reasonable visitation privileges. Such periods should be long enough to justify defendant making the long trip from his home to Dickinson, Texas. But for this modification the decree is affirmed.

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

---

1. Utah, 545 P.2d 502, 506 (1976).

2. *Buehner Block Co. v. Glezos*, 6 Utah 2d 226, 310 P.2d 517, 519 (1957).

3. *Jackson v. Cope*, 1 Utah 2d 330, 266 P.2d 500, 503 (1954).