### The STATE of Utah, Plaintiff and Respondent,

v.

### Dennis James McMULLEN, Defendant and Appellant.

### No. 880494–CA.

Court of Appeals of Utah.

Nov. 17, 1988.

Jerold D. McPhee, Salt Lake City, for defendant and appellant.

Eric A. Ludlow, Deputy County Atty., St. George, for plaintiff and respondent.

Before GREENWOOD, DAVIDSON and BILLINGS, JJ. (On Law and Motion).

## MEMORANDUM DECISION

This matter is before the Court on its own motion to dismiss for lack of jurisdiction on the basis that a notice of appeal was not filed within thirty days of entry of the trial court's order on defendant's motion for new trial.

On May 19, 1988, the trial court sentenced the defendant on a conviction, after a jury trial, for driving under the influence and speeding. Defendant filed a motion for new trial on May 24, 1988. The trial court entered its Findings of Fact and Or-

der on the motion for new trial on June 2, 1988. On June 17, 1988, defendant filed a Request to Reconsider the Denial of the Defendant's Motion for a New Trial in which he challenged the findings of the trial court and renewed the motion for a new trial. The trial court heard the motion on July 11, 1988 and orally denied it from the bench. No signed order denying the motion appears in the trial court record. Defendant filed his appeal on August 11, 1988, thirty-one days after the oral ruling on the second motion for new trial.

■ We hold that the Findings of Fact and Order denying defendant's initial motion for new trial was the final, appealable order of the trial court. That order fully and finally disposed of the claims and assertions of the defendant, and the trial court was "without power to alter its prior ruling upon the subsequent filing of what is, in essence, the same motion." *Tracy v. Univ. of Utah Hosp.*, 619 P.2d 340, 342 (Utah 1980); *see also Drury v. Lunceford*, 18 Utah 2d 74, 415 P.2d 662 (Utah 1966).

■ Defendant moves this Court for an order requiring "correction of the record" to include an order disposing of the second motion for new trial, or in the alternative, dismissing the appeal and remanding the case to the trial court with directions to modify the record. Defendant contends that the appeal is not untimely because the findings and order denying the motion for new trial were not served upon defense counsel in compliance with Rule 2.9 of the Rules of Practice in the District Courts and Circuit Courts of the State of Utah and cannot constitute the final order the trial court. While this argument would have merit if applied in a civil case, we conclude that Rule 2.9 is not applicable in criminal cases. Appellant's Motion For The Correction Of The Record; Alternatively, Motion For The Voluntary Dismissal Of Appeal and Remand With Directions is denied based on this Court's holding that the appeal is untimely because it was not initiated within thirty days of entry of the trial court's order disposing of appellant's initial motion for new trial.

Defendant failed to perfect an appeal from the final, appealable judgment of the trial court; therefore, this Court lacks jurisdiction to consider the merits of the case. The appeal is dismissed.

GREENWOOD, DAVIDSON and BILLINGS, JJ., concur.