[No. 1200, February 25th, 1908.]

PURITAN MANUFACTURING COMPANY, a Partnership, Appellees, v. TOTI & GRADI, Appellants.

SYLLABUS (BY THE COURT).

1.   The Code of Civil Procedure (C. L., 1897, Sec. 2685) does not repeal C. L. Sec. 2984.

2.   Under C. L. Sec. 2984 the failure to deny under oath the genuineness and due execution of a written instrument which is mentioned in and attached to the complaint, admits that it was signed as it purports to be, and this notwithstanding there is a sworn answer denying "each and every allegation of the complaint."

3.   Under the Code System fraud is a defense by way of new matter, and proof of it is not admissible under the general denial.

4.   The allowance of an amendment to tne answer is a matter of judicial discretion, and that discretion was not abused in this case.

5.   While this court will not disturb a verdict founded upon substantial evidence and where such verdict does not shock the moral sense, the absence of legal evidence of a material fact essential to recovery will necessitate a reversal.

6.   The record in this case examined and held insufficient to sustain the verdict rendered.

Appeal from the District Court for Bernalillo County, before IRA A. ABBOTT, Associate Justice. Reversed and Remanded.

THOMAS N. WILKERSON, for Appellants.

Non est factum is a common law plea and no longer in force in New Mexico. Compiled Laws, 1897, sec. 2685.

Under a general denial the defendant may introduce any evidence which goes to controvert the facts which the plaintiff is bound to establish. New York, Andrew v. Bond, 16 Barb. 633; Saunders v. Townsend, 26 Hun. 308; Little v. Denn, 34 N. Y. 452; Griffen v. Long Island R. R. Co., 101 N. Y. 348; Schauss v. Manhattan Gaslight Co. 14 Alb. Pr. 371; Nebraska, Winkler v. Roeder, 23 Neb. 709, 8 A. Sta. Rep. 155; Jones v. Fruin, 26 Neb. 76; Jones v. Seward Co., 10 Neb. 154; Missouri, Northup v. Mississippi Valley Ins. Co., 47 Mo. 435, 4 Am. Rep. 337; Nichols v. Winfrey, 79 Mo. 544; Corby v. Weddle, 57 Mo. 452; Texas, Mins v. Mitchell, 1 Tex. 443; McKunhan v. Harrison, 25 Tex. (Supp.) 461; Minnesota, Bond v. Corbett, 2 Minn. 248; Plunner v. Mold, 14 Minn. 532; California, Brown v. Kentfield, 50 Cal. 129; Hawkins v. Borelind, 14 Cal. 413; Indiana, Ferguson v. Ramsey, 41 Ind. 511; Kansas, McGrew v. Armstrong, 5 Kas. 284; Iowa, Johnson v. Pennell, 67 Iowa 669, and others cited in 1 Enc. P. & P. 817, note 1.

In an action on contract under an answer of general

denial the defendant may show that no contract at all was made.   1 Enc. P. & P. 819 and authorities under note 1.

FELIX H. LESTER, for appellee.

Under the statutes of this territory, a specific, verified denial is necessary to put in issue the genuineness and due execution of an instrument in writing upon which an action is founded, when it is referred to in the pleading and the original or copy thereof is filed with the pleading.   Compiled Laws, 1897, secs. 2976, 2977 and 2984; Cattle Co. v. Foster, 7 N. M. 650; U. S. v. Alexander, 17 Pac. 746; County of Chambers v. Clews, 21 Wallace 317; Peggy v. Bidleman, 5 Mich. 26; Coler v. Board of County Commissioners, 6 N. M. 88; Thompson v. Lenth, 62 N. W. 842; Sully v. Goldsmith, 49 Iowa 690; Anderson v. Sloan, 1 Colo. 484; Fox v. Stockton, 15 Pac. 430; Clark v. Childs, 4 Pac. 1058; Able v. Chandler, 12 Texas 88, 62 Am. Dec. 578; State v. Chamberlain, 54 Mo. 338; Luna v. Mohr, 3 N. M. 63, distinguished; Laws of 1901, secs. 11, 12, page 114.

Sections 2976, 2977 and 2984, Compiled Laws, 1897, were re-enacted as part of the Code by Laws of 1907, page 295.

The plea of general denial under the Code is not as broad as the plea of general issue under the common law. Scott v. Morse, 54 Iowa, 732; Olson v. Hendrickson, 12 Iowa 222; McKyring v. Bull, 16 N. Y. 297, 69 Am. Dec. 696; Piercy v. Sabin, 10 Cal. 22, 70 Am. Dec. 692; Philips on Code Pleading, sec. 381 et seq.; Bliss on Code Pleading, secs. 324, 327; Cattle Co. v. Foster, 7 N. M. 650.

Exceptions not taken to alleged errors in the Trial Court will not be considered on appeal.   Compiled Laws, 1897, sec. 3145; Laws 1907, chap. 57, secs. 37, 60; Wheelock v. McGee, 1 N. M. 573; Territory v. O'Donnell, 4 N. M. 196; Laird v. Upton, 8 N. M. 409; Padilla v. Territory, 8 N. M. 562; Southern Cal. Fruit Ex. v. Stamm, 9 N. M. 361; Territory v. Baker, 6 N. M. 238; Co. Com. Sierra Co. v. Co. Com. Dona Ana Co., 5 N. M. 190.

Fraud is new matter and must be specially pleaded, if it is intended to be used as a defense.   Jenkins v. Long,

19 Ind. 28, 81 Am. Dec. 374; Piercy v. Sabin, 10 Cal. 22, 70 Am. Dec. 692; Keller v. Johnson, 71 Am. Dec. 355; McComb v. Reed, 28 Cal. 281, 87 Am. Dec. 115; 1 Enc. P. & P. 844; The Standard Mfg. Co. v. Slot, 98 N. W. 923.

Applications for leave to amend and motions for new trials are addressed to the sound discretion of the court, and the refusal of the Trial Court to grant same are not reviewable on appeal. Garcia v. Candelaria, 9 N. M. 374; Coleman et al v. Bell, 4 N. M. 21; Vasquez v. Spiegelberg, 1 N. M. 464; Rosenthal v. Chisum, 1 N. M. 633; Pomeroy v. Bank of Ind., 1 Wall. 592; Springer v. U. S., 102 U. S. 586; Maxwell L. G. Co. v. Thompson, 1 N. M. 603; U. S. v. DeAmador, 6 N. M. 173.

The Supreme Court will not disturb the verdict of a jury where there is any substantial evidence to sustain it. Crolot v. Maloy, 2 N. M. 198; Torlina v. Trorlicht, 5 N. M. 148.

When the alleged error relates to the admission or exclusion of evidence, the evidence held to be improperly admitted or excluded must be indicated. Pearce v. Strickler, 9 N. M. 467.

### STATEMENT OF FACTS

The Puritan Manufacturing Company sued Toti & Gradi, a partnership consisting of B. Toti, and L. Gradi, alleging a contract to purchase certain merchandise for Two Hundred Dollars, the delivery of the goods and a failure to pay, with prayer for judgment for $200 with interest. A copy of the contract is attached to the complaint and is referred to therein as Exhibit "A" and is made thereby, "a part of the complaint." The attached contract provides for the shipment of certain jewelry amounting to $200.00 "delivered f. o. b. transportation companies" and by way of "special inducement" there is contracted to be shipped with the jewelry order three dolls, alleged to be "celebrated" and to be possessed of moving eyes, natural curls and statures varying from twenty-four to thirty inches. The contract is signed, Toti & Gradi. The defendants' answer is verified and after admitting capacity of the

parties to sue and be sued, denies "each and every other allegation of the complaint." The cause came on for trial to a jury, at which time the contract, being tendered in evidence, was received over defendants' objection that it was incompetent. Defendants thereupon asked leave to amend their answer "to put in a specific answer." This motion was denied. Upon the proofs the defendants sought to show that the contract was not executed by them or by their authority. This testimony was rejected by the court. The jury found for the plaintiff in the sum sued for and defendants' motion for a new trial being overruled, they have appealed to this court.

### OPINION OF THE COURT.

POPE J.—(Affter making the foregoing statement.) The first assignment of error is the action of the court in admitting the contract in question. Defendants contend that this was improper, because there was no preliminary proof that it was signed by or on behalf of either the plaintiff or the defendants. The court below held that as there was no sworn denial of the execution of the contract, it stood admitted as pleaded and that no preliminary proof was necessary. The instrument sued on was referred to in the complaint and a copy thereof attached to the complaint. In support of the court's ruling we are referred to C. L. Sec. 2984, which is as follows:

"Section 2984. When a written instrument is referred to in a pleading, and the same or a copy thereof is incorporated in, or attached to such pleading, the genuineness and due execution of such written instrument and of every indorsement thereon shall be deemed admitted, unless in a pleading or writing filed in the cause within the time allowed for pleading, the same be denied under oath: *Provided,* That if the party desiring to controvert the same is, upon reasonable demand, refused an inspection of such instrument, the execution thereof shall not be deemed admitted by failure to deny the same under oath. Such demand must be in writing filed in the cause, and served upon the opposite party or his attorney: *Provided,* That the provisions of this section shall not apply to deeds of conveyance of real estate."

The terms of such statutes have been repeatedly the subject of judicial consideration. An instance of this is found in Cox v. Northwestern Stage Company, 1 Idaho 376, 381 where in construing a statute practically identical with ours it is said:

"The 'genuineness' of an instrument evidently goes to the question of its having been the act of the party just as represented, or in other words, that the signature is not spurious; and that nothing has been added to it or taken away from it, which would lay the party changing the instrument or signing the name of the person liable to forgery. The 'due execution' of an instrument goes to the manner and form of its execution according to the laws and customs of the country, by a person competent to execute it."

It is contended by appellants in the first place that this section was repealed by the Code of Civil Procedure and especially sub-section 40 which provides that the answer "may be a general or specific denial of each material allegation of the complaint controverted by the defendant."

We deem it a sufficient answer to this contention to say that so far from repealing section 2984 the Code expressly recognizes its continued existence, for in the concluding clause of sub-section 123 of the Code, it is in terms provided that that sub-section "shall not affect x x x section 2984."

It is claimed, however, that a sworn general denial as prescribed by sub-section 40 of the Code, is a substantial compliance with section 2984, since it puts in issue, under oath, all facts which plaintiff is bound to establish to sustain his action, including the genuineness and execution of the instrument sued on. We do not concur in this view. It was distinctly held by this court in Oak Grove etc. Co. v. Foster, 7 N. M. 650, tried before the Code, that a sworn plea of the general issue was not a compliance with section 2984. In that case the trial court struck out the second defense, a sworn plea, specifically putting in issue the execution of the note sued on, and the cause was tried upon "a sworn plea of the general

issue." This court in dealing with the appeal said, speaking through Mr. Justice Collier:

"At the time the note was offered, objection was made to its admissibility, upon the ground that under the sworn plea of the general issue, its genuineness must be first proven. We do not think that *a sworn plea of general issue is such denial as is required by section* 1922 [now section 2984] and that as the case then stood the objection was properly overruled. The objection would have stood good, however, if predicated upon the second plea, which we hold to have been improperly stricken out."

The common law plea of general issue was much broader than the code denial, for it permitted evidence not only of matters tending directly to deny plaintiff's cause of action but also of new matters tending to undermine it. Bliss on Code Pleading, Sec. 324; Piercy v. Sabin, 10 Cal. 22; Scott v. Morse, 54 Ia. 732. If, therefore, as held by this court in the Foster case, the common law plea of general issue duly sworn to was insufficient to meet the requirements of section 2984, much less is a verified general denial under the code. We believe it to have been the intention of the legislature in enacting section 2984 and in retaining it by the express terms of the code to require parties defending against written instruments to state specifically any defense against the integrity of the instrument sued on. Instead of lurking behind general denials in a matter of this importance they are required to come out into the open and tender in so many words the issue as to whether the instrument is their instrument. This is in line with the spirit of the Code practice, which has for its purpose the elimination of useless issues and the avoidance of unnecessary expense in preparing the proofs.

We hold, therefore, that the fact that the instrument sued on was signed by Toti & Gradi, was conclusively admitted by the absence of a specific sworn denial of that fact and the court below was right not only in admitting the instrument without proof of its execution but also in excluding any evidence tending to impeach its genuineness and due execution.

It is said, however, that the court erred in refusing to

SUPREME COURT OF NEW MEXICO,

Puritan Co. v. Toti & Gradi.

permit the defendants to prove, under their general denial, that the instrument sued on was obtained by fraud, and the case of Corby & Weddle, 57 Mo. 452, is cited to support this contention. That case, which permitted proof of fraud under a denial of the execution of the note, is however cited with disapproval by Mr. Bliss in his work on Code Pleading, Section 329, and is held by him to be contrary to the proper practice under the code system. While proof of fraud was permitted under the general issue at common law, (Bliss Code Pleading, Sec. 324; Jenkins v. Long, 19 Ind. 28), it is held under the codes, that since fraud admits the execution of the instrument but avoids its legal effect, it must be affirmatively pleaded as new matter. Bliss Code Pleading, Sec. 329; 1 Enc. Plead. & Prac. 841; Jenkins v. Long, 19 Ind. 28.

We are further of opinion that there was no error in the refusal of the court to permit an amendment of the pleadings so as to set up additional defenses. Applications for leave to amend are addressed to the sound discretion of the court and the refusal of a court to permit amendments is ordinarily not open to review upon appeal. Sanchez v. Candelaria, 5 N. M. 400. There was certainly here no abuse of this discretion in refusing, with the cause on trial and a jury empaneled, to permit amendments which would have in all probability necessitated a continuance. The case had already been on the docket nearly two years and this certainly afforded defendants ample time to make up their pleadings.

The last assignment of error is that there is no evidence to support the verdict and that the court erred in not granting a new trial. Upon this is encountered the principal difficulty in the case. While, as held by this court in Candelaria v. Miera, 84 Pac. 1020, and the cases there collected in the opinion of Mr. Justice Parker, a finding will not be disturbed when sustained by substantial evidence and where there is nothing in it to shock the moral sense, the rule, of course, is different where there is no evidence to sustain the verdict. Does the record bring this case within that rule? One of the issues in this case was the delivery of the goods mentioned in the contract. The

court below charged the jury, and properly, that they could find for the plaintiff only in the event that "it delivered all the goods that it contracted to deliver." Upon this issue of delivery, the plaintiff relied for making out its case, upon the testimony of G. Toti, a clerk in the defendants' store and of L. Gradi, one of the defendants, and upon a letter signed Toti and Gradi. The testimony of Toti, the clerk, was that he received of the goods "a part, not more," being a box of jewelry, which was never opened and which was then at the store. Gradi, the partner, denied that he or his firm had ever received the goods at all, but that there was a package at the store, which might have come from plaintiff, the contents of which were unknown and which Toti, the clerk, had told him to leave alone as that was his (Toti's) business. This was all the oral proof on this point. The letter signed Toti & Gradi, so far as material on this issue, was as follows:

"I will tell you that we received the boc with the 'doals' and the boc of jewerly. We have paid for the jewerly box express charges $2.35 and for the dawl we paid $3.55, what makes $5.90. Please send me this amount by return mail and we will return you your goods. This will be the best for you. After this will charge you 20 cts. per day for storage. Our time is expensive and we cannot afford to be responsible for idiots that you send out here."

The oral proof above recited is, in our judgment, entirely insufficient to establish the shipment of all that the contract calls for. The clerk testifies that but a part was received, and that a box only presumably containing jewelry, for it was never opened; the defendant Gradi testified that the firm never received the goods, although there was a box there, contents unknown, which the clerk had asked him to let alone. There was no proof by deposition on behalf of plaintiff what goods were shipped or what the contents of this box were, nor was the box brought up and opened for the trial, as might have been done to prove its contents. The only testimony tending to show shipment of *all* the goods was the letter above quoted. This letter came into evidence without objection and its admissibility is thus not here in question. Its probative

force, however, is another matter and must be viewed in the light of the rest of the record. The uncontradicted proof is that it was written by one Baca, upon the request of the clerk G. Toti, who could not write English; that defendants' business was a grocery not a jewelry store and that G. Toti was a mere clerk therein charged with waiting on people. The uncontradicted proof is that Toti & Gradi did not authorize the clerk to write the letter, and his employment certainly gave him none. The letter is therefore not evidence against the defendants and cannot justify a finding of delivery. The verdict upon this point is without evidence to sustain it.

The case is accordingly reversed and remanded with instructions for further proceedings not inconsistent with this opinion, and it is so ordered.