## MILLER v. COLUMBIA TRUST CO.

No. 4067.   Decided April 19, 1924.   (225 Pac. 609.)

1. EXECUTORS AND ADMINISTRATORS—FINDING OF NO ADVANCEMENTS FOR DECEASED SUSTAINED BY EVIDENCE. In action to recover advances, evidence *held* to sustain finding that no advances were made for deceased.

2. EXECUTORS AND ADMINISTRATORS—FINDING THAT NO SUM DUE FOR INTEREST IN REAL ESTATE CONVEYED FOR DECEDENT'S BENEFIT SUSTAINED. Finding that plaintiff was not entitled to recover for sum due on real estate conveyed by alleged assignor for benefit of decedent *held* sustained by evidence.

3. EXECUTORS AND ADMINISTRATORS—FINDING AGAINST CLAIM FOR SUPPORT OF MOTHER OF DECEASED SUSTAINED. A finding against

claim for one-half reasonable amount for support of deceased's mother *held* sustained by evidence.

4. EVIDENCE—TRIAL COURT HELD NOT BOUND TO GIVE UNCONTRA-DICTED EVIDENCE OF PLAINTIFF FULL CREDENCE. Court was not bound to give full credence to plaintiff's evidence though not expressly contradicted, especially where there were numerous omissions, uncertainties, and contradictions in such evidence.

Appeal from District Court, Third District, Salt Lake County; *W. M. McCrea*, Judge.

Action by Lois Miller against the Columbia Trust Company, administrator of the estate of Story B. Smith, deceased. Judgment for defendant, and plaintiff appeals.

AFFIRMED.

*J. M. Thomas*, of Salt Lake City, for appellant.

*Booth, Lee, Badger, Rich & Rich*, and *J. R. Thomas*, all of Salt Lake City, for respondent.

CHERRY, J.

This is an action to recover $3,000 upon a claim against the estate of Story B. Smith, deceased, of which defendant is the administrator. The defendant had judgment, and plaintiff appeals.

The claim sued upon includes three separate causes of action, somewhat confused and blended in the complaint. As described by plaintiff's counsel they are as follows:

(1) A claim for $1,000 alleged to be due plaintiff for advances made by her for the benefit of deceased on an installment contract for the purchase of real property, which deceased promised to repay to plaintiff.

(2) A claim for $1,000 alleged to be due Mrs. E. M. Smith for her interest in certain real property conveyed for the benefit of deceased, which claim was assigned to the plaintiff.

(3)    A claim for $1,000 for one-half the reasonable amount for the support of Mrs. E. M. Smith, the mother of plaintiff and deceased, furnished by the plaintiff and which it is alleged deceased agreed to pay.

It is alleged in substance:    That the plaintiff, Mrs. E. M. Smith, and Story B. Smith, owned in equal shares a house and lot in Salt Lake City, called the Kelling property.    That on January 27, 1915, at the instance and for the benefit of Story B. Smith, the property was traded and conveyed to one W. B. Kelling for a drug store transferred by Kelling to Story B. Smith.    That plaintiff and Story B. Smith jointly bought another dwelling house, called the University street property, agreeing to pay therefor by installments of $100 per month.    (The number of installments or the total purchase price is not stated.)    That it was agreed that Story B. Smith, in consideration of plaintiff conveying her interests in the Kelling property, would pay all of the installments as they fell due on the University street property, and that the deed to said property, when paid for, should be made to plaintiff and Story B. Smith jointly.    ''That some of said installments were so paid by said Story B. Smith, but that when most of them fell due the said Story B. Smith failed to pay, and that this plaintiff paid them and that the said Story B. Smith agreed and promised on or about January 1, 1917, to repay to the plaintiff whatever amount she had paid on his portion of the installments, in order that their installment contract would not forfeit.''    That ''for the most of the year 1916 the said Smith failed to make any payments on the University street property, and on or about January 1, 1917, he agreed to pay to this plaintiff as much as he could each month out of any salary he might earn, which amount was to be not less than the sum of $100 per month until he had paid the plaintiff the sum of $1,000, that amount being then agreed upon as the amount due this plaintiff at that time for both debts, to· wit, what she had owned in the first-described property and had deeded to said Kelling, and hereinafter called the Kelling property, and for the different amounts she had at that time paid on the University street

property at said Smith's request." That later Smith "sent some money to plaintiff to meet a portion of the installments as they became due, * * * but never any amount on the old debts and not enough to pay his share of one-half of said installments. That the plaintiff paid the said installments as they fell due, and said property was on April 2, 1920, conveyed to Lois Miller and S. Ben Smith jointly."

With respect to the second cause of action it is alleged that on January 27, 1915, said Story B. Smith promised and agreed to pay his mother, Mrs. E. M. Smith, $1,000 for her interest in the Kelling property, and that he would furnish her a home and support her in the University street property at his expense until he could pay her the sum of $1,000, "which amount he agreed to commence paying as soon as he had paid out on the University street property, and his interest was deeded to him." It is then alleged that the University street property was conveyed jointly to Lois Miller and S. Ben Smith, April 2, 1920; that Story B. Smith has supplied a home for his mother, as agreed, but has not contributed anything to her support and has never paid any part of the $1,000, and that the claim of Mrs. E. M. Smith for $1,000 has been assigned to the plaintiff.

The third cause of action rests upon the allegations that from and after January 1, 1917, the plaintiff supplied the care, comfort, medical attendance required and support for her mother and the mother of Story B. Smith; that Story B. Smith agreed to pay to plaintiff one-half of what was required, but has failed to do so; that $1,000 is a reasonable amount for his said share.

The death of Story B. Smith on May 4, 1922, the appointment of defendant as administrator, the presentation and rejection of the plaintiff's claim, etc., are then alleged.

The answer, by a denial, put in issue the merits of the plaintiff's claim, and pleaded the statute of limitations.

The trial court made general negative findings on the facts against the plaintiff and concluded that plaintiff was entitled to recover nothing, and that her claim, if any, was barred by the statute of limitations.

The only errors assigned relate to the sufficiency of the evidence to support the findings and that the findings are contrary to the evidence and to law.

The plaintiff's evidence, in support of her claim, was in many respects indefinite, incomplete, and unsatisfactory. Upon several important subjects there was no evidence whatever. It was shown that on January 27, 1915, the plaintiff, her mother, and Story B. Smith executed a deed to the Kelling property to W. B. Kelling, in exchange for a drug store, at which time Story B. Smith stated that he would pay his mother $1,000 for her interest in the property conveyed, "out of what I make out of the drug store," and that he would commence paying it "as quick as I pay out on the new home." That the plaintiff asked about the deed that would be finally made to the new home, and Smith replied by saying: "That will be made to you and I, leaving mother out of it, and when we pay out according to the $100 installment plan." "I know that I can pay out that $100." The plaintiff said: "You think you can pay it each month, and if you don't do it, why it will all fall on me, because it is a joint contract," to which Smith replied: "Yes, but I will do it; I will pay out on the new property; I can do it out of the drug store."

The installment contract was not produced and no further reference was made to its terms or provisions. There was evidence that Smith took the drug store and made numerous payments on the installment contract, and that, thereafter the drug store failed and was turned over to his creditors.

A further conversation in January, 1917, was testified to in which Smith and plaintiff agreed upon the sum of $1,000 as the amount of his indebtedness to plaintiff at that time, which was to be paid by Smith on the installment contract for the new home at the rate of $100 per month. It appeared that the payments on the installment contract for the new home were subsequently made in full and the property deeded to the plaintiff and Smith jointly, but there was no evidence whatever that the plaintiff had made any of the payments on the contract.

With respect to the third cause of action, no evidence whatever was produced to show an agreement on the part of Smith to pay the plaintiff any sum on account of the support of his mother. The only evidence on the subject of support was a statement made by Smith that he had promised his mother to support her. The plaintiff did not pretend to have an assignment of any such claim, and the proof was wholly lacking to support such a cause of action in favor of the plaintiff in her own right.

The bona fides of the plaintiff's claim could well have been doubted by the trial court in consequence of the manner in which the preliminary probate proceedings were conducted by the plaintiff. Upon the death of Smith, the plaintiff presented a petition for letters of administration of his estate in which she alleged that her mother, Mrs. E. M. Smith, was the only heir, when she must have known that deceased had a wife and child residing in Mexico. After her appointment as administratrix she presented and had allowed her claim for $2,000 money loaned, and $1,000 for supporting her mother, and obtained an order for the sale of the whole estate to pay the debts and expenses of administration. Then she wrote a letter to the wife of the deceased, informing her of his death, and stating that his estate had been probated and claims allowed to cover the total amount of his property.

At this juncture the surviving wife and child, who had had no previous knowledge of the death of Smith or the proceedings had concerning his estate, appeared and had the proceedings set aside, the plaintiff removed as administratrix, and the defendant appointed in her stead. The plaintiff thereupon amended her claim, and upon its being rejected brought this action upon it.

Although plaintiff had repeatedly sworn to claims and pleadings that no payments had been made by Smith on her claim, the evidence produced by her was replete with instances of repeated payments made by him although the specific amounts paid were not disclosed.

Even though the plaintiff's evidence was not expressly

Appeal from Fifth District

contradicted, the trial court was not bound to give it full credence, especially when, as in this case, on account of numerous omissions, uncertainties, and contradic-     4 tions, there were substantial reasons to find against it. It is unnecessary to consider the question of the statute of limitations. The finding that the claims were not established by the evidence disposes of the case.

We find no error in the record.

Judgment affirmed.

GIDEON, THURMAN, and FRICK, JJ., and WIGHT, District Judge, concur.

WEBER, C. J., did not participate herein.