326 P.2d 1085

Walter B. GILBERT, Roger W. Gilbert, a copartnership, Plaintiffs and Appellees,

v.

Bob HOWARD, also known as Robert A. Howard, Defendant,

Walter Moore, Defendant and Appellant.

No. 6347.

Supreme Court of New Mexico.

June 13, 1958.

Edwin L. Felter, Santa Fe, for appellant.

Owen J. Mowrey, Albuquerque, for appellees.

McGHEE, Justice.

The appellees, plaintiffs below, a copartnership which designs and builds mechanical equipment brought suit against Robert A. Howard and Walter Moore as copartners by representation in Mining Investment and Exploration Co. for rental and damages to a rig leased by plaintiffs to defendants.

Defendants answered denying that Mining Investment and Exploration Co. was a partnership and alleged that it was the individual business of the defendant Howard, and counterclaimed alleging that the machinery would not perform as represented.

Defendants' attorney withdrew and defendant Moore then answered through his separate attorney denying that he was a copartner and asked that the case be dismissed as to him. The trial was held with Howard absent but represented by counsel. Moore was personally present and represented by counsel.

The court adopted all of the findings of fact and of law requested by the plaintiffs, finding that a partnership by representation existed and that both defendants were jointly and severally liable to the plaintiffs for $3,674.92 ($3,199.92 for unpaid rent, $200 for missing parts, $100 for damage to water pump, and $175 for collection expenses).

The defendant Moore appealed from the judgment urging that the case should have been dismissed as to him as there was not substantial evidence to support the finding that he represented himself as Howard's partner.

This case is governed by the Uniform Partnership Act:

"(1) Except as provided by section 16 [66-1-16] persons who are not partners as to each other are not partners as to third persons." 66-1-7, N.M. S.A.1953 Comp.

"(1) When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him or any one, as a partner in an existing partnership or with one (1) or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making representation or consenting to its being made." 66-1-16, N.M.S.A. 1953 Comp.

If Moore is a partner it is only by estoppel as plaintiffs did not allege that he was a partner but only that he represented himself to be a partner.

The statutory test for partnership by estoppel requires that (1) credit must have been extended on the basis of partnership representations or (2) that the alleged partner must have made or consented to representations being made in a public manner whether or not such representations were actually communicated to the person extending credit. There is no decision in New Mexico on this section of the Uniform Partnership Act.

The evidence is clear that Howard made the contract in his name only in January at which time five months' rent was paid and that he never met Moore until the rent became delinquent and upon going to Howard's office and finding him absent he was directed to see Moore at his business next door.

Since plaintiffs did not even know Moore existed at the time of the leasing there could have been no reliance upon his cred-

it and defendant Moore is not liable under the first part of 66–1–16, which is the same as the common-law test for liability in New Mexico before the adoption of the Uniform Partnership Act in 1947.

■ ■ However, the last part of 66–1–16, N.M.S.A.1953 Comp. reads as follows: " * * * and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making representation or consenting to its being made."

This section extends liability beyond the common-law test of reliance so that when one has by his acts or his consent to the acts of others allowed or caused the general community to believe that he is a partner then he is such by estoppel even though this particular creditor may not have heard the representation. This relieves the creditor of the task of proving that he actually knew of such representation and makes the representation itself an offense without the added factor of reliance. However, this test demands that the representations have been made in a "public manner" at the time that credit was extended so that at that time it was general community knowledge even though the representations might not have been communicated to this particular creditor. Since every act or word connecting the defendant Moore with Howard occurred five months after credit was extended there could have been no community impression of partnership at the time the lease was made, and the plaintiffs must fail under 66–1–16, N.M.S.A.1953 Comp.

■ Even so, the statements made by defendant Moore from which Walter Gilbert, one of the plaintiffs, testified he inferred the existence of a partnership are insufficient to meet the statutory test of representations made in a "public manner."

They are:

"Lucille is out now and I am the only one left with Bob."

and

"I am having to scratch like Hell to provide the money for all these trips Bob is making."

These statements in and of themselves could not lead a reasonable person to believe a partnership existed and are as consistent with an agency, employee or lender relationship as they are with a partnership relationship.

"We will be glad to build the court.", Cooper v. Knox, 1956, 197 Va. 602, 90 S. E.2d 844, 846, and "that's the way we tried to carry it on", West Side Trust Co. v. Gascoigne, 1956, 39 N.J.Super. 467, 121 A.2d 441, were held insufficient to show a partnership relationship and yet are more

indicative of a business relationship than are defendant Moore's statements.

The plaintiffs then rely on Moore's acts of not bringing suit to collect back salary from Howard, moving the rig, loaning money to Howard and Howard's ownership of an interest in Moore's business.

These actions in and of themselves or when considered cumulatively as establishing a pattern of conduct do not show a representation of an association of two or more persons to carry on as co-owners a business for profit, which must be the representations made as that is the statutory definition of a partnership. 66–1–6, N.M. S.A.1953 Comp.

None of the acts relied upon by the plaintiff are those likely to be performed only by a partner or more likely to be performed by a partner than anyone else.

The sum total of these acts is that there was a relationship of some sort between these men, but they do not show a representation, even if such isolated acts and statements can be called a representation, of the essential elements of a partnership relationship which must have been represented before a man can be held a partner by estoppel and thus subject to the unique liabilities of the partnership relationship.

Since the representations were insufficient in law, had not been publicly made or relied upon at the time credit was extended, the defendant Moore could not have been a partner by estoppel.

The findings of the lower court as to a partnership are not supported by substantial evidence, so the judgment must be reversed as to Moore. Puritan Mfg. Co. v. Toti & Gradi, 1908, 14 N.M. 425, 94 P. 1022.

The judgment of the lower court will be reversed as to Moore and the cause remanded to the District Court with instructions to vacate the judgment against Moore, and to enter an order of dismissal as to him, and also award him his costs.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and SHILLINGLAW, JJ., concur.