490 P.2d 330

**STAPLES EXCAVATION & ERECTION COMPANY, a corporation, Plaintiff and Appellant,**

v.

**WEYHER CONSTRUCTION COMPANY, a corporation, and American Surety Company, a corporation, Defendants and Appellants,**

and

**Okland Construction Company, a corporation, et al., Defendants and Respondents.**

No. 12007.

Supreme Court of Utah.

Nov. 3, 1971.

Roe, Fowler, Jerman & Dart, Bryce E. Roe, Salt Lake City, for Staples.

Clyde, Mecham & Pratt, Elliott Lee Pratt, Salt Lake City, for Weyher.

Wilford A. Beesley, Salt Lake City, for Okland.

Paul E. Reimann and David L. McKay, Salt Lake City, for Zions Sec.

TUCKETT, Justice:

The plaintiff commenced these proceedings in the court below seeking to recover

the value of labor and materials furnished by it in the construction of an office building in Salt Lake City. The defendant, Weyher Construction Company, by way of a cross-complaint, seeks similar relief.

The defendant, Zions Securities Corporation, hereinafter referred to as Zions, is the owner of a parcel of land located at the southeast corner of South Temple and Main Streets in Salt Lake City. On or about November 20, 1962, Zions entered into a contract with Okland Construction Company and Mark B. Garff, Ryberg & Garff Construction Company, a partnership, joint venturers, for the construction of an office building to be known as the Kennecott Building. Other defendants who furnished undertakings guaranteeing performance and completion of the contract and subcontracts were joined as defendants. After the prime contract had been entered into, Garff-Okland entered into a subcontract with Weyher Construction Company for the excavation, shoring, pile-driving and other work to be performed in the construction of the building. Weyher in turn entered into a contract with the plaintiff by the terms of which the plaintiff was to do the necessary excavation work and to haul away and dispose of the material.

Prior to commencing work upon the project Weyher had submitted to Garff-Okland, the prime contractor, a proposal as to how the work was to be carried on and a schedule to be followed in the performance of the various phases of the work embraced within the contract:

The plaintiff entered upon performance of the contract, and after the excavating phase had been in progress for some time a substantial quantity of water was encountered at a level higher than that anticipated by the owner in its plans for the construction of the building. The water entered the excavation along its sides rather than arising from the bottom. During the month of February, 1962, the owner stopped work on the building for a period to enable it to investigate the water problem and to find a solution to the same. After investigation the owner concluded to drive several deep wells to carry the water to a lower strata. The dewatering of the site was successful. The plaintiff, after encountering the water, had ceased work but returned on or about May 5, 1963, to resume excavation.

It is the claim of the plaintiff and Weyher that the water substantially and materially interfered with their work under the subcontracts and gave rise to a more difficult performance resulting in substantially higher costs than those contemplated at the time the contracts were entered into. They further claim that the water problem made it necessary for them to depart from the original plan and schedule of work carried on under the contracts, and that the delay necessitated by dewatering the site

prevented their completion of the work during good weather. The plaintiff and Weyher based their right to recover upon the theory that there had been a breach of contractual warranty.

A lengthy trial was conducted by the court which resulted in a voluminous record now before us. The trial court elected to try the case in two phases, the first going to the issues of liability, and the second phase dealing with damages. At the conclusion of the first phase, the court made a ruling that the plaintiff and Weyher had made out a case on liability and thereafter proceeded to the second phase of the trial. The court concluded that the plaintiff and Weyher were entitled to recover for the reasonable value of labor and materials furnished, less payments which had been made by the owner and the prime contractor.

During the trial on the issue of damages the plaintiff and Weyher adduced evidence which would tend to support their claims that the more difficult performance of the subcontracts resulting from the water problem and its subsequent solution substantially increased their costs and expenses over and above those foreseeable at the time the contracts were entered into. The defendants, Garff-Okland and Zions, produced evidence which tended to refute the claims of the plaintiff and Weyher that the performance of the subcontracts was rendered more difficult by the water problem, and that the plaintiff and Weyher adopted methods of carrying on the work which were inefficient and tended to increase the cost of performance. In addition, evidence was adduced on behalf of those defendants which tended to show that Zions and the prime contractor by approving certain change orders and the payment of the same resulted in a complete payment for extra work and materials supplied by the subcontractors resulting from the water problem and the dewatering process, together with the delays incident thereto.

At the conclusion the court made findings of fact to the effect that plaintiff had failed to prove by a preponderance of the evidence that its claimed costs of excavation were reasonable or that they were necessarily incurred as a result of the water problem. The court further found that the defendant Weyher had failed to prove by a preponderance of the evidence that its claimed costs were reasonable or that they were necessarily incurred as a result of encountering water at the excavation site. The court also found that Zions and Garff-Okland had made full and complete payment for all labor and materials used or reasonably required in the construction of the building. The court then found that the defendant Weyher had made full and complete payment for all labor and materials used or reasonably required in the performance of its subcontract. The court

dismissed the complaint and also the counterclaim and cost claims of the defendant Weyher.

The plaintiff and Weyher are here seeking a reversal of the decision and the judgment of the court below adverse to them. The defendants, Garff-Okland, also seek a review of the finding of the court below on the issue of liability. It is the contention of appellant that the court erred in disregarding the testimony of their witnesses which was not contradicted, and also that the record does not support the findings of the court nor is its judgment supported by the findings.

■■ It would appear that this court is asked to review issues of fact rather than issues of law. A review of the pertinent parts of the record before us leads us to the conclusion that the trial court could fairly and reasonably remain unconvinced that the appellants here had established their claims of damages by a preponderance of the evidence. Being an action at law, we are not at liberty to interfere with the findings of the court below unless such findings are arbitrary or have no basis in the record. In the case before us the record reveals numerous and wide conflicts in the evidence which only the trial judge was in a position to evaluate.[1] As to the appellants' claim that the court failed to give proper credence to the testimony of their witnesses which was uncontradicted, this too was a matter for the trial court to weigh.[2]

A review of the record fails to establish a reasonable basis to reverse the decision of the court below. The decision of the trial court having been made upon disputed and contradictory evidence, it would appear that the rule we have enunciated in numerous cases, that the trial court being in an advantaged position from having heard the testimony of the witnesses and observed their demeanor is better able to determine issues of fact than is this court upon a written record. We therefore conclude that the decision and judgment of the court below must be affirmed. In view of our decision, we find it unnecessary to further consider the claim of the defendant, Garff-Okland that the court below erred in its determination of the issues of liability. Each of the parties is to bear its own costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

1. Byram v. Payne, 58 Utah 536, 201 P. 401; In re Richards' Estate, 5 Utah 2d 106, 297 P.2d 542; Page v. Federal Security Ins. Co., 8 Utah 2d 226, 332 P.2d 666.

2. Miller v. Columbia Trust Co., 63 Utah 305, 225 P. 609; Aagard v. Dayton & Miller Red-E-Mix Concrete Co., 12 Utah 2d 34, 361 P.2d 522, 8 A.L.R. 814.