504 P.2d 1376

**PHILLIPS MANUFACTURING COMPANY,
Plaintiff and Appellant,**

v.

**Gerald PUTNAM, dba Star Valley, dba Putnam Enterprise, and Fay Putnam, his wife, dba per above, Defendants and Respondents.**

**No. 12865.**

Supreme Court of Utah.

Jan. 5, 1973.

Heber Grant Ivins, American Fork, for plaintiff-appellant.

Findley A. Gridley, Ogden, for defendants-respondents.

CROCKETT, Justice:

Phillips Manufacturing Company, maker of campers and accessories in Lehi, Utah, sued Gerald Putnam, dba Star Valley Sales, and Putnam Enterprise, and Fay Putnam, his wife, for amounts due on such merchandise delivered at the latter's sales place in Ogden. Upon a trial the court made findings and entered judgment against Gerald Putnam for $8,920.32, plus interest and attorney's fees. But it refused to make such findings and judgment against the wife, Fay Putnam, because it rejected plaintiff's contentions that she should be held liable as a partner in the enterprise by estoppel. That is the issue plaintiff presents to this court on appeal.

In support of its contention plaintiff places reliance on Sec. 48-1-13, U.C.A. 1953 of the Uniform Partnership Act:

Partner by estoppel—(1) When a person by words spoken or written or by conduct represents himself, or consents

to another's representing him, to anyone as a partner, in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made *who has on the faith of such representation given credit* to the actual or apparent partnership, *and,* if he has made such representation or consented to its being made *in a public manner,* he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by, or with the knowledge of, the apparent partner making the representation or consenting to its being made. (Emphasis added.)

■ While the language of that statute impresses us as being no model of clarity or understandability, it is our opinion that its proper interpretation and application, and the one which comports with basic principles of justice, is that in order to impose liability by estoppel the plaintiff would have to show extension of credit "on the faith of such representation". And this would be so whether the representation was made directly to such plaintiff (the creditor); or, where the defendant (the debtor)

made the representation, or allowed it to be made, in a public manner. The differentiation is that in the latter situation, if the plaintiff (the creditor) extends credit "on the faith of such representation", he need not show that the defendant (the debtor) personally knew of or made the representation directly to the plaintiff.[1]

The facts pertinent to the issue before us are: that the equipment and merchandise in question were supplied to the Star Valley Sales between March and August 1970. The accompanying invoices listed the purchaser variously, as Star Valley Sales,— Gerald Putnam, and/or Fay Putnam; and they, or other employees signed each as the equipment was received. Some of the payments made were by checks on the account of defendant Fay Putnam with the Ogden Branch of the First Security Bank. It is also shown that in March, and again in February of 1969 there were filed with the Tax Commission applications for License to Engage in Business for business operations which were listed variously as Putnam's Used Cars, Milk Depot, and Apartments. These were signed by defendant Fay Putnam and listed the owners as Gerald F. Putnam and herself. It is also true that the

1. We note awareness of authority to the effect that a party extending credit to an apparent partnerhip need not show reliance upon such public representation. See Gilbert v. Howard, 64 N.M. 200, 326 P.2d 1085. However, we regard as more rational and conforming to principles of justice the reasoning of other authority: that the plaintiff must show awareness of *and reliance* upon a public representation of partnership, made by or with the consent of the defendant, see Reisen Lumber and Millwork Co. v. Simonelli, 98 N.J.Super. 335, 237 A.2d 303; that reliance is required see Buehner Block Co. v. Glezos, 6 Utah 2d 226, 310 P.2d 517.

**72**

quarterly sales tax returns for defendant Star Valley Sales used the number assigned by the Tax Commission to such businesses pursuant to those applications. However they were filed over the signature of Gerald F. Putnam.

◼ In urging justification of the trial court's refusal to find that the defendant Fay Putnam was a partner by estoppel defendants call attention to these aspects of the evidence: that there was in fact no partnership, nor any mention thereof; that this is true of the applications for business license referred to above, and of the checks made to the plaintiff on the account of Fay Putnam. The latter were explained by Gerald Putnam as loans to the business which were repaid by deposits to her account. Defendant further correctly points out that even if the applications for License to Engage in Business and the sales tax returns had been found in some manner to indicate a partnership in Star Valley Sales, they would not constitute a ". . . representation . . . in a public manner." Sec. 59–15–7 U.C.A.1953 of the Sales Tax Act provides that such information filed with the Tax Commission is privileged, which clearly negatives any idea that such records would be a representation held out to the public.

2. See Super Tire Market, Inc. v. Rollins, 18 Utah 2d 122, 417 P.2d 132, and Martindale v. O. S. L. RR Co., 48 Utah 464, 160 P. 275.

◼ In judging the opposing contentions of the parties there are some foundational principles to be had in mind. The primary one is that the burden of proof, and of persuading the court, that Fay Putnam should be held liable as a partner by estoppel was upon the plaintiff. The trial court having refused to so find, this court does not reverse and direct an essential affirmative finding unless the evidence so compels, that is, that it is such that all reasonable minds acting fairly thereon must necessarily so find.[2] Conversely, if there is a reasonable basis in the evidence or from the lack of evidence, from which the court acting fairly and reasonably thereon could remain unconvinced, his refusal to so find must be sustained. Moreover, in applying the tests just stated to the evidence, we are obliged to view the evidence and the reasonable inferences that can be drawn therefrom in the light favorable to the findings and judgment.[3] In doing so we have found no basis for reversal.

Affirmed. Costs to defendant (respondent).

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

3. Bramel v. Utah State Road Commission, 24 Utah 2d 50, 465 P.2d 534; see Staples Excavation and Erection Co. v. Weyher Construction Co., 26 Utah 2d 387, 490 P.2d 330.