791 P.2d 1080
**Boris BAICH, Plaintiff–Appellant,**

v.

**Glen CAMPBELL and Donna Campbell, his wife; Darrell Chapman and Jayne Chapman, his wife, Defendants–Appellees.**

**No. 1 CA–CV 88–411.**

Court of Appeals of Arizona,
Division 1, Department B.

April 24, 1990.

Machmer & Schlosser, Ltd., Phoenix, by Gerald A. Machmer, for plaintiff-appellant.

George M. Sterling, Jr., Phoenix, for defendants-appellees.

## OPINION

VOSS, Presiding Judge.

The primary issue we address is whether a representation that defendants/appellees, Glen Campbell and Darrell Chapman (investors), were partners with produce buyer Joe Ali (buyer) was made in a public manner within the meaning of A.R.S. § 29–216(A), thereby creating a partnership by estoppel. We agree with the trial court that the representation was not made in a public manner, and accordingly, affirm.

## FACTS

Plaintiff Boris Baich and investors separately entered into agreements with buyer wherein buyer would purchase produce

from Mexican farmers to sell to Arizona supermarkets, and investors and plaintiff would provide some of the funds necessary for the purchases and would receive profits from the sale of the produce to the supermarkets.

During the summer of 1984, plaintiff wrote checks, at buyer's direction, to various individuals for the purchase of produce and for commissions. Plaintiff considered these transactions loans to buyer. According to plaintiff, buyer assured him that if plaintiff were paid by a subsequent buyer within 21 days he would receive 5½ percent interest on that transaction. However, if he were not paid within 21 days, he would receive 7½ percent per month interest until he was paid by the subsequent buyer.

Investors also provided funds to buyer through their corporation, Saddleback Development Company. Investors retained a 7½ percent profit from each transaction, and paid buyer the profits made in excess of 7½ percent. Investors, via Saddleback Development, owned 10 percent of Jali Produce Company, Inc., the corporation that managed the produce transactions. Buyer's mother owned the other 90 percent of Jali Produce and buyer served as its president.

Plaintiff alleged that he loaned $47,972.30 to buyer, which was not repaid. He sued buyer and Jali Produce Company, Inc., as well as investors and their wives for the return of that amount plus interest. Plaintiff contends investors were liable as partners by estoppel with buyer in Jali Produce.

Two months before the trial, Jali Produce filed for bankruptcy. On the morning of trial buyer filed for bankruptcy. The trial court entered an order severing Jali Produce and buyer and permitting plaintiff to proceed against investors.

During their cross-examination of buyer at trial, investors offered Exhibit 22 into evidence. Exhibit 22 was a copy of Saddleback Development's agreement with buyer to receive 10 percent of the stock in Jali Produce in exchange for $6,000. Plaintiff objected to Exhibit 22's admission, arguing that the exhibit had not been produced, that it was not listed in investor's list of exhibits or in the pre-trial statement, and that he had never seen the exhibit. According to plaintiff, he had sought production of all books and records of Jali Produce from Wade Church, buyer's attorney. Investors responded that plaintiff never sought production of the exhibit from them. They stated that they had intended to use that exhibit to impeach buyer, who had been a party in this action until the first day of trial, and who had claimed their business arrangement was an oral agreement. The trial court admitted Exhibit 22 into evidence, finding that the substance of the document had been admitted through testimony, without objection.

At the conclusion of plaintiff's case, the trial court granted investors' motion for a directed verdict and their request for attorney's fees.

Plaintiff raises the following three arguments on appeal:

(1) Plaintiff presented sufficient evidence that investors were partners by estoppel with Jali Produce;

(2) Plaintiff presented sufficient evidence that Jali Produce was the investors' alter ego; and,

(3) the trial court erred in admitting Exhibit 22 into evidence.

## (1) PARTNERSHIP BY ESTOPPEL

■ Plaintiff contends that investors were partners by estoppel with buyer, as defined in A.R.S. § 29–216(A), which provides:

A. When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has

not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made.

Thus, under A.R.S. § 29–216(A), a plaintiff may prove partnership by estoppel:

(1) when the representation that defendant is a partner is made to the plaintiff and the plaintiff relies on the representation; or,

(2) when the representation that defendant is a partner is made in a public manner.

Plaintiff conceded that the representations of partnership were not made directly to him. Therefore, we address on appeal whether a representation that investors were buyer's partners was made in a public manner.

Arizona courts have not defined when a representation is made in "a public manner," within the meaning of A.R.S. § 29–216(A). *See, e.g., Facit–Addo, Inc. v. Davis Financial Corp.*, 134 Ariz. 6, 653 P.2d 356 (App.1982) (Plaintiff allegedly was told by defendant that he would be going into partnership with co-defendant). This statute is taken from § 16 of the Uniform Partnership Act, 6 U.L.A. 195 (1969). A representation that someone is a partner is made in a public manner, within the meaning of the Uniform Partnership Act as codified in New Mexico, when the general community believes that he is a partner:

> This section extends liability beyond the common-law test of reliance so that when one has by his acts or his consent to the acts of others allowed or caused the general community to believe that he is a partner then he is such by estoppel even though this particular creditor may not have heard the representation. This relieves the creditor of the task of proving that he actually knew of such representation and makes the representation itself an offense without the added factor of reliance. *However, this test demands that the representations have been made in a "public manner" at the time that credit was extended so that at that time it was general community*

*knowledge* even though the representations might not have been communicated to this particular creditor.

*Gilbert v. Howard*, 64 N.M. 200, 326 P.2d 1085, 1087 (1958) (emphasis added). "[T]he holding out to the public generally must appear so public and so long continued as to justify an inference, as matter of fact, that one dealing with the partnership knew of it and relied on it, without direct testimony to that effect." 59A Am.Jur.2d *Partnership* § 694 (1987).

As evidence that representations of partnership were made in a public manner, plaintiff cites the testimony of two witnesses who stated that buyer represented that investors were his partners. Martin Beck, an appraiser, testified that buyer introduced investors to him as buyer's partners. Johnny Nunez, an employee of Jali Produce, testified that he understood that investors were buyer's partners. In addition, Nunez testified that buyer, during several trips to Mexico, told Mexican farmers that investors were his partners.

■ On appeal from the granting of a motion for a directed verdict we view the evidence in a light most favorable to the parties who opposed the motion for the directed verdict. *Hoffman v. Greenberg*, 159 Ariz. 377, 767 P.2d 725 (App.1988). However, we will affirm the granting of a directed verdict if any ground of the motion is sufficient and the result is the only one that could be reached as a matter of law. *Id.* Applying this standard we find that Beck's and Nunez's testimony was insufficient evidence that buyer's representations of partnership were made in a public manner, within the meaning of A.R.S. § 29–216(A). We note that plaintiff does not allege that he was a member of the community of Mexican farmers from whom buyer purchased produce, and that buyer, plaintiff, and investors were all residents of Maricopa County. Beck's and Nunez's testimony, even if viewed in a light favoring plaintiff, was not evidence that the general community believed that investors were buyer's partners. Nor was their testimony evidence that buyer's partnership with investors appeared "so public and so

long continued as to justify an inference, as matter of fact, that [plaintiff] knew of it and relied on it, without direct testimony to that effect." 59A Am.Jur.2d *Partnership* § 694 (1987). Therefore we affirm the trial court's granting of defendant's motion for directed verdict.

Plaintiff notes that during the litigation, investors and buyer appeared confused about their relationship. During the trial, Chapman repeatedly referred to Campbell as his partner. Campbell stated during his deposition that Jali was a partnership. In answering an interrogatory, buyer stated that he and investors orally agreed that they would operate as a joint venture. Investors' and buyer's confusion during this litigation about their relationship was irrelevant because their confusion was not communicated in a public manner at the time plaintiff loaned money to buyer.

Plaintiff testified that he had not known the names of buyer's partners, but buyer mentioned that his partners would be backing plaintiff's loan to buyer. Plaintiff also testified that buyer stated that his partners were a school teacher and a fireman who had a real estate investment firm. It is unclear whether this statement was made before plaintiff invested with buyer. Plaintiff's testimony was not evidence that a partnership representation was made in a public manner.

### (2) ALTER EGO

Alternatively, plaintiff argues that he provided evidence that Jali Produce was the alter ego of investors. Plaintiff contends that the jury should have been permitted to consider this question.

We do not address the merits of this argument because plaintiff did not raise it in the trial court. Instead, plaintiff argued that if the jury found a partnership between investors' corporation, Saddleback Development, and buyer, then the jury should have been permitted to consider whether Saddleback Development was investors' alter ego. Therefore, having decided that plaintiff produced insufficient evidence of partnership by estoppel, the trial court did not address whether he introduced sufficient evidence of alter ego.

### EXHIBIT 22

Plaintiff's contention that the trial court erroneously admitted exhibit 22, while it may have been relevant to issues argued below, is not relevant to this appeal. We note, however, that we would find that the trial court acted within its discretion in admitting the exhibit.

### CONCLUSION

Both parties request attorney's fees under A.R.S. § 12–341.01. We grant investors' request and we deny buyer's request for attorney's fees.

JACOBSON and KLEINSCHMIDT, JJ., concur.